**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHANICKA WEBBER, individually and on behalf of all others similarly situated, | ) ) ) |
| PLAINTIFF, | ) ) ) Civil Action No. 18-cv-03506 |
| v. | ) ) |
| WAKEFIELD & ASSOCIATES, INC., | ) ) <u>Jury Demanded</u> |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, Shanicka Webber, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations,

1

and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

5. Plaintiff, Shanicka Webber ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted CEP America Illinois, LLP consumer medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Wakefield & Associates, Inc. ("Wakefield") is a Colorado corporation that does or transacts business in Illinois. Wakefield does not maintain a registered agent in Illinois. Its registered agent in Colorado is Ryan E. Boettcher, located at 10800 East Bethany Drive, Suite 450, Aurora, Colorado, 80014. (Exhibit A, Record from Colorado Secretary of State).

7. Wakefield is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Wakefield is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

9. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a CEP America Illinois, LLP consumer medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

10. Due to financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

11. CEP America Illinois, LLP, charged-off the alleged debt.

12. CEP America Illinois, LLP subsequently assigned the alleged debt to Wakefield for collection.

13. On or about April 16, 2018, Wakefield sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount owed on the alleged debt.

15. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

16. The Letter states that there is a total Principal of $100.05.

17. The Letter also states there is total Interest of $1.83.

18. The Letter communicates a subtotal of Interest and Principal $101.83.

19. Wakefield had no contractual nor statutory right to collect interest from Plaintiff.

20. When a debt collector tries to collect interest, late charges or other charges that a creditor did not or could not charge, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

21. Under the Illinois Interest Act, an assignee or agent of a creditor may charge and collect interest on behalf of a creditor:

> **. . . at the rate of *five (5) per centum per annum* for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between**

> the creditor and debtor governing interest charges, *upon 30 days' written notice to the debtor.* . . .

(emphasis added).

22. The Interest Act does not apply to medical debts.

23. Furthermore, even if it did, Wakefield never sent notice to Plaintiff of its intent to charge 5% interest pursuant to the Illinois Interest Act, and was thus barred from charging interest even if the Interest Act did apply to medical debts.

24. Thus, Wakefield had no statutory right to charge Plaintiff interest.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . . .**

26. Wakefield falsely misrepresented the character and amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest was accruing on the account.

27. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

28. Wakefield used unfair and unconscionable means to attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it attempted to collect interest to which it had neither a contractual or statutory right to collect.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

30. Plaintiff, Shanicka Webber, brings this action individually and on behalf of a class, described as (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted CEP America account (3) and charged interest (the "Class").

31. Since Exhibit C is a form letter, it was likely sent to many Illinois consumers and thus the Class is likely to consist of more than 40 persons from whom Defendant attempted to collect a debt using the Collection Letter attached as Exhibit C.

32. Plaintiff Webber's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of

the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

34. Plaintiff Webber will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Webber has retained counsel experienced in class action litigation including class actions brought under the FDCPA

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges above paragraphs as set forth fully in this count.

36. Wakefield falsely misrepresented the character and amount of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest was accruing on the account.

37. Wakefield used unfair and unconscionable means to attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it attempted to collect interest to which it had neither a contractual or statutory right to collect.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages for all class members pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com